# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

### CAROL S. ROE ET AL.,

Plaintiffs-Appellants,

v.

### SAMUEL E. SHUTWAY ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 26 BE 0001

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 25 CV 49

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Timothy B. Pettorini*, *Atty. Michelle F. Noureddine*, and *Atty. Jeremy D. Martin*, Roetzel & Andress, LPA, Plaintiffs-Appellants and

*Atty. Christopher W. Rogers* and *Atty. Kevin L. Colosimo*, FBT Gibbons, LLP, for Defendant-Appellee, Ascent Resources-Utica, LLC and

*Atty. Charles L. Kidder* and *Atty. Charles P. Campisano*, Kidder Law Firm, LLC, for Defendants-Appellees, Samuel E. Shutway and Karen L. Shutway and

*Atty. Aaron M. Bruggeman* and *Atty. Craig E. Sweeney*, Taft, Stettinius & Hollister, LLC, for Defendant-Appellee, Gulfport Appalachia, LLP.

Dated: July 24, 2026

---

**HANNI, J.**

{¶1}   Plaintiffs-Appellants, Carol Sue Roe, Mary Klayko, Bruce Mercer, Carl Jackowski, and Randall Mercer (collectively Heirs) appeal from a Belmont County Common Pleas Court order granting a motion for judgment on the pleadings filed by Defendants-Appellees, Samuel E. Shutway, Karen Shutway (collectively Shutways), Gulfport Appalachia, LLC (Gulfport) and Ascent Resources-Utica, LLC (ARU) (collectively Appellees).  The trial court interpreted the language of a deed granting the Shutways "a joint life estate, remainder to the survivor of them," to unambiguously convey a fee simple estate with rights of survivorship and not just a life estate.

{¶2}   Heirs assert an ownership interest in the property, contending the original grantors, Edward and Betty Shutway (Grantors), conveyed only concurrent life estates to the Shutways and thus Heirs own Grantors' property through inheritance.  They contend the deed fails to use required statutory survivorship language and its language is different than that used in a case relied on by the trial court.

{¶3}   For the following reasons, we affirm the trial court's granting of Appellees' motion for judgment on the pleadings.  The plain language of the deed clearly and unambiguously shows they intended to convey more than life estates in the Shutways.  The conveyance language included words such as "grant," and "remainder to the survivor of them," which indicate a fee simple conveyance of property rather than life estates.  The Grantors' use of life estate language in another part of the deed also demonstrates their intention to convey fee simple to the Shutways.

## A.     RELEVANT FACTS/CONVEYANCES

{¶4}   On October 22, 1998, Grantors executed a general warranty deed (Deed) conveying 766.09 acres of real estate (the Property) to the Shutways, their son and daughter-in-law. The Shutways executed a promissory note, evidenced by a corresponding mortgage, to the Grantors in the amount of $150,000.  The mortgage and deed were recorded in Belmont County Deed Records.

{¶5}   The Deed contains the following relevant language:

Edward and Betty Shutway, husband and wife, of Belmont County, State of Ohio, for valuable consideration paid, grant, with general warranty covenants, to SAMUEL E. SHUTWAY and KAREN L. SHUTWAY, husband and wife, **a joint life estate, remainder to the survivor of them**, whose tax mailing address is . . .

(emphasis added).

{¶6} Grantors died in 2000 and 2008, respectively. The Shutways conveyed part of the Property to Garry and Mindy White. This conveyance was recorded in Belmont County Deed Records. The Shutways also entered into an oil and gas lease with ARU in August 2022 and entered into three oil and gas leases with Gulfport in November 2022 through February 2024.

{¶7} On February 27, 2025, Heirs filed a complaint against Appellees in the Belmont County Common Pleas Court. They alleged Grantors' Deed conveyed only life estates to the Shutways and thus Grantors retained the remainder interest in the Property, with Heirs inheriting the remainder upon Grantors' deaths.

{¶8} Heirs requested a declaratory judgment that Grantors granted only life estates to the Shutways in the Property, Grantors retained a remainder interest, and Heirs inherited the Property in equal one-sixth shares when both Grantors died. Heirs also requested a permanent injunction to quiet title to them and against the Shutways, their successors and assigns. They further alleged waste and forfeiture of the life estate because the Shutways leased the oil and gas underlying the Property without the consent of Grantors and Heirs. Heirs also requested damages.

{¶9} On April 2, 2025, the Shutways filed an answer with affirmative defenses. They also filed a counterclaim requesting declaratory judgment that they are the sole owners of the Property and Heirs have no existing legal right, title, or interest in the Property. They further asserted counterclaims to quiet title and for frivolous conduct.

{¶10} Gulfport answered Heirs' complaint and asserted counterclaims similar to the Shutways on April 18, 2025. ARU filed the same.

{¶11} On May 15, 2025, Heirs filed a combined motion to dismiss the counts in Gulfport and ARU's counterclaims for frivolous conduct. The court overruled the Heirs' motion to dismiss. The Heirs thereafter responded to the counterclaims.

{¶12} On September 18, 2025, Appellees filed a joint motion for judgment on the pleadings under Civ.R. 12(C). Appellants responded, and filed their own motion for judgment on the pleadings and a motion to strike with a request for sanctions.

{¶13} On October 28, 2025, the trial court held a hearing on the motions and granted Appellees' motion for judgment on the pleadings and overruled Heirs' motion for judgment on the pleadings and motion to strike. The court found the Deed's language was clear and unambiguous in conveying a full survivorship estate in fee simple to the Shutways.

{¶14} On December 2, 2025, the court issued a judgment entry granting Appellees' motion for judgment on the pleadings for its declaratory judgment and quiet title actions. The court noted only the frivolous conduct counterclaims remained to be litigated.

## B.    ASSIGNMENT OF ERROR

{¶15} On January 2, 2026, Appellants filed a notice of appeal. The remaining claims were stayed upon agreement of the parties. Heirs assert the following sole assignment of error with subparts:

**THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR JUDGMENT ON THE PLEADINGS.**

{¶16} Heirs contend the trial court erroneously held that the Deed language created a fee simple survivorship estate in the Shutways. They assert the Deed's language was not verbatim to the statutory survivorship form in R.C. 5302.20(A). They maintain Grantors intended to convey a limited estate by using the words "life estate," as Ohio law presumes that a deed conveys the entire estate unless it clearly appears the grantor intended to convey lesser.

{¶17} Heirs also assert the trial court mistakenly relied on *Brannan v. Easter*, 2012-Ohio-2045 (4th Dist.), because that case supports their position. They note the deed in *Brannan* included the phrase "in fee simple," while the Deed in this case does not. Heirs maintain that the *Brannan* Court found that the phrase "in fee simple" made it clear the grantors were conveying more than a life estate. Heirs reason that without those

words, the Deed's remainder language in the instant case conveys no more than a life estate.

**{¶18}** Heirs additionally argue the trial court erred by holding that the Deed's phrase "remainder to the survivor of them" created a fee simple survivorship estate. They maintain that because Ohio courts interpret deeds as a whole and give effect to all language used in the deed, the trial court effectively eliminated the words "joint life estate" by concluding the Deed conveyed a fee simple survivorship estate. Heirs reconcile the Deed's phrases "remainder to the survivor of them" and "joint life estate" by concluding that the Grantors received a concurrent life estate, and the survivor of them would continue as the sole life tenant upon the death of the other. Heirs posit that "remainder to the survivor of them" clarifies that the surviving life tenant continues to possess the life estate after the other dies. They also note that the "remainder" language, without applying the life estate, does not clarify what estate the surviving grantee receives.

**{¶19}** Alternatively, Heirs submit that an ambiguity exists as to the type of estate created by the Deed's language since it contains both life estate and remainder language that fails to identify the remainder. They assert that because the language is reasonably susceptible to more than one type of estate conveyed, a motion for judgment on the pleadings cannot resolve such an issue.

**{¶20}** Finally, Heirs assert the trial court improperly considered materials outside of those a court may consider in determining a motion for judgment on the pleadings under Civ.R. 12(C). Heirs note the trial court's comment from the bench that it considered "all of the materials that ha[d] been filed." They submit Appellees' counsel urged the court to consider the evidentiary materials attached to their counterclaims, which included an attorney affidavit. Heirs conclude these are not part of the pleadings governing Appellants' claims and are not written instruments as defined by Civ.R. 10(C).

### C.     STANDARD OF REVIEW

**{¶21}** The parties agree that the standard of review for a trial court's granting of a motion for judgment on the pleadings is de novo. This Court conducts a de novo review of a trial court's ruling on a Civ.R. 12(C) motion for judgment on the pleadings. *Pelletier v. Mercy Health Youngstown, LLC*, 2024-Ohio-2131, ¶ 10 (7th Dist.), citing *Ahmed v. Sargus*, 2005-Ohio-2382, ¶ 7 (7th Dist.). We give no deference to the trial court's decision

and apply the same principles as those used in analyzing a Civ.R. 12(B)(6) motion to dismiss. *See Woods v. Sharkin*, 2022-Ohio-1949, ¶ 29 (8th Dist.). Thus, we construe the material allegations of the complaint as true with all reasonable inferences taken in favor of the nonmoving party. *Id*. Dismissal under Civ.R. 12(C) is proper only if "it appears beyond doubt that the plaintiff can prove no set of facts entitling him or her to relief." *Maternal Grandmother v. Hamilton Cty. Dept. of Job and Fam. Servs.*, 2021-Ohio-4096, ¶ 13, quoting *Reister v. Gardner*, 2020-Ohio-5484, ¶ 17.

### D.    LAW

**{¶22}** In the case of contracts, deeds, or other written instruments, the construction of the writing is a matter of law, which is reviewed de novo. *Long Beach Assn., Inc. v. Jones*, 82 Ohio St.3d 574, 576 (1998). Under a de novo review, an appellate court may interpret the language of the contract, substituting its interpretation for that of the trial court. *McAuley v. Brooker*, 2017-Ohio-9222, ¶ 17, citing *Witte v. Protek Ltd.*, 2010-Ohio-1193, ¶ 6 (5th Dist.).

**{¶23}** Written instruments "are to be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Skivolocki v. East Ohio Gas Co.*, 38 Ohio St.2d 244 (1974), paragraph one of the syllabus. "When construing a deed, a court must examine the language contained within the deed, the question being not what the parties meant to say, but the meaning of what they did say, as courts cannot put words into an instrument which the parties themselves failed to do." *Johnson v. Consol. Coal Co.*, 2015-Ohio-2246, ¶ 15 quoting, *McCoy v. AFTI Properties, Inc.*, 2008-Ohio-2304, ¶ 8.

**{¶24}** If the terms of the written instrument are clear and unambiguous, courts must give the words their plain and ordinary meaning and may not create a new contract by finding the parties intended something not set out in the writing. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 246, (1978). A court applies a plain reading of the words in the four corners of the document. *1803 Resources, LLC v. Lineback*, 2025-Ohio-3271, ¶ 137 (7th Dist.), citing *McGiffin v. Skurich*, 2021-Ohio-2741, ¶ 20 (7th Dist.) (citing *Long Beach* at 576, and *LRC Realty, Inc. v. B.E.B. Properties*, 2020-Ohio-3196, ¶ 17). Courts should harmonize the provisions of the writing and words to give effect to every word. *Lineback* at ¶ 139, quoting *Christe v. GMS Mgt. Co.*, 124 Ohio App.3d 84,

88 (9th Dist. 1997). When the writing is unambiguous, we must apply it "as written and conduct no further investigation." *Lineback* at ¶ 140, quoting *State v. Hurd*, 89 Ohio St.3d 616 (2000), citing *State ex rel. Herman v. Klopfleisch*, 72 Ohio St.3d 581, 584 (1995) (addressing statutory language).

**{¶25}** When the plain language of a written instrument is ambiguous, a court can look to parol evidence to resolve the ambiguity and ascertain the parties' intent. *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 521 (1994); *City of Steubenville v. Jefferson Cty.*, 2008-Ohio-5053, ¶ 22 (7th Dist.). Terms in a contract are ambiguous if their meanings cannot be determined from reading the entire contract, or if they are reasonably susceptible to multiple interpretations. *First Natl. Bank of Pennsylvania v. Nader*, 2017-Ohio-1482, ¶ 25 (9th Dist.). "The decision as to whether a contract is ambiguous and thus requires extrinsic evidence to ascertain its meaning is one of law." *Id.*, quoting *Ohio Historical Soc. v. Gen. Maintenance and Eng. Co.*, 65 Ohio App.3d 139, 146, (10th Dist. 1989).

### E.    ANALYSIS

**{¶26}** We affirm the trial court's granting of Appellees' motion for judgment on the pleadings. A life estate is "an estate held only for the duration of a specified person's life." *Hursey v. McPeek*, 2025-Ohio-5707, ¶ 14 (5th Dist.), quoting *Sullinger v. Reed*, 2021-Ohio-2872, ¶ 21 (3d Dist.) (quoting *Black's Law Dictionary* (11th Ed. 2019)). The person holding a life estate has the right to currently possess and use the property during their lifetime. *Hursey* at ¶ 14, citing *Brown v. Arnholt*, 2016-Ohio-5741, ¶ 16 (5th Dist.). It is the remainderman to the life estate, not the life tenant, who inherits the property. *Id*.

**{¶27}** A fee-simple interest is "the highest right, title and interest that one can have in land. It is the full and absolute estate in all that can be granted." *Hursey* at ¶ 13, quoting *Masheter v. Diver*, 20 Ohio St.2d 74, 78 (1969). The owner in fee simple enjoys the benefits of the property for their life and their heirs reap those benefits upon the owner's death. *Id*.

**{¶28}** A remainder is a future interest created in a person other than the grantor and it follows a prior freehold estate, such as a life estate. *Folden v. Folden*, 90 Ohio Law Abs. 218, (4th Dist. 1962). Ohio law provides that when a life estate is created, the

inheritable interest or fee in the property vests in the remainderman. *Hursey* at ¶ 14, citing *Guida v. Thompson*, 80 Law Abs. 148, 158 (C.P. 1957).

**{¶29}** Before 1925, a deed of conveyance was required to contain "words of inheritance" for a property owner to convey a fee simple interest in land as opposed to a life estate. *Hursey* at ¶ 15, citing *Peppertree Farms, L.L.C. v. Thonen*, 2022-Ohio-395, ¶ 16. In 1925, R.C. 5301.02 was enacted, providing that "[t]he use of terms of inheritance or succession are not necessary to create a fee simple estate." Thus, the law became that a grantor conveys an entire interest in property unless the deed clearly shows he or she intended to convey less. *Hursey* at ¶ 21, citing *Peppertree Farms* at ¶ 21.

**{¶30}** In addition, R.C. 5302.20(A) provides that:

Except as provided in section 5302.21 of the Revised Code, if any interest in real property is conveyed or devised to two or more persons for their joint lives and then to the survivor or survivors of them, those persons hold title as survivorship tenants, and the joint interest created is a survivorship tenancy. Any deed or will containing language that shows a clear intent to create a survivorship tenancy shall be liberally construed to do so. The use of the word "or" between the names of two or more grantees or devisees does not by itself create a survivorship tenancy but shall be construed and interpreted as if the word "and" had been used between the names.

**{¶31}** The Deed in this case grants the Shutways "a joint life estate, remainder to the survivor of them." A joint life estate conveys the estate for the lives of the grantees. "Remainder to the survivor of them" conveys the entire fee simple to the Shutways. While the Shutways could not enjoy or possess the property reserved by Grantors while Grantors were alive, they could enjoy and possess the other tracts of land Grantors conveyed to them by life estate. The Shutways could also transfer this property as remainderman before the deaths of Grantors, except for the life estate Grantors retained before they died. Upon the deaths of Grantors, the Shutways vested with title to all of the property. *See* R.C. 5302.20.

**{¶32}** The Deed's language "a joint life estate," is not different from a deed's phrase "for their joint lives" as provided in R.C. 5302.20(A). The statute does not require this identical language and specifically states that a deed "containing language that shows

a clear intent to create a survivorship tenancy shall be liberally construed to do so." R.C. 5302.20(A). It is clear Grantors here intended to convey a survivorship tenancy to the Shutways. To find that such language merely created a life estate and the property reverted to Grantors upon the "remainder" of the life estates in the Shutways ending is contrary to Ohio law. Ohio law presumes a grant conveys the largest estate possible unless the deed expressly provides otherwise. R.C. 5301.02 provides that terms of inheritance are not necessary to create a fee simple estate and every grant shall convey an entire interest unless the deed clearly shows contrary intent by the grantor.

{¶33} We reject Heirs' interpretation that the "remainder" language conveyed to the surviving Shutway only a second life estate for what was left upon the passing of the other. This conflicts with R.C. 5301.02 and the definition of a remainder. A remainder must be expressly stated in a deed. If it is not, and the grantors convey to grantees "for their joint lives," or "a joint life estate," an implicit reservation of the property is retained by the grantors.

{¶34} However, expressly using the term "remainder," or "remainder to the survivor of them" expressly eliminates the implicit reversionary right and conveys a fee simple to the remainderman. Thus, had Grantors wished to retain the property in themselves upon the granting of the life estates, they would not have used the term "remainder," but rather, could have used "reversion" language, or used no language beyond the granting of the life estates. The life estates would have terminated upon the passing of both of the Shutways had the "remainder" language not have been expressed. Thus, the express remainder language removes such an interpretation that only life estates were intended.

{¶35} *Brannan v. Easter*, 2012-Ohio-2045, *1 (4th Dist.), favors this interpretation of the Deed. The deed in *Brannan* stated that Brannan and Tammy Lou Musick granted "a joint life estate with remainder over in fee simple to the survivor of them" to the appellees. *Id*. The deed further stated that "transfers on death to ROGER BRANNAN JR. AND TAMMY LOU MUSICK, beneficiaries, a joint life estate with remainder over in fee simple to the survivor of them." *Id*.

{¶36} Brannan and Musik sued appellees, asserting they had an interest in the property and appellees were attempting to sell the land. *Id*. Appellees filed a Civ.R.

12(B)(6) motion to dismiss for failing to state a claim upon which relief can be granted. *Id*. The trial court dismissed the complaint, finding that Brannan and Musick granted a fee simple interest to the appellees. *Id*.

{¶37} The Fourth District Court of Appeals agreed with the trial court. *Brannan* at *2. The court held that the transfer on death language was ineffectual because Brannan and Musick had already transferred the fee simple to appellees when they conveyed the life estate with remainder over in fee simple to the survivor of the appellees. *Id*. The court held that Brannan and Musick did not follow the statutory form for the deed as set forth in R.C. 5302.22. R.C. 5302.22 provides:

> (A) A deed conveying any interest in real property, and in substance following the form set forth in this division, when duly executed in accordance with Chapter 5301. of the Revised Code and recorded in the office of the county recorder, creates a present interest as sole owner or as a tenant in common in the grantee and creates a transfer on death interest in the beneficiary or beneficiaries. * * * The deed described in this division shall in substance conform to the following form:
>
> [']Transfer on Death Deed
>
> _____ (marital status), of _____ County, _____ (for valuable consideration paid, if any), grant(s) (with covenants, if any), to _____ whose tax mailing address is _____, transfer on death to _____, beneficiary(s), the following real property:
>
> (Description of land or interest in land and encumbrances, reservations, and exceptions, if any.)

{¶38} The *Brannan* Court ruled that Brannan and Musick would not have transferred a fee simple interest to appellees if they had followed the form. *Id*. at *2. The court found the transfer on death language superfluous because the fee simple interest had been transferred and the granting clause took precedence over the habendum clause. *Id*.

{¶39} Grantors in the instant case included a remainder clause to the survivor of the Shutways. This language supports a finding that a fee simple interest and not a life

Case No. 26 BE 0001

estate was intended and conveyed to them. Ohio law recognizes that remainder language with survivorship creates a fee simple conveyance and not merely a life estate. "A conveyance to two grantees and their heirs and assigns, and to the survivor of them, and heirs of such survivor, vests in the survivor an estate in fee." *Lewis v. Baldwin*, 11 Ohio 352 (1842).

{¶40} Most telling, as the Shutways and the trial court underscored, the Grantors' use of language in another part of the same Deed evidenced their understanding of life estates and fee simple conveyances. In one parcel of land, Grantors expressed the following:

> NOTE: RESERVING UNTO THE GRANTORS, EDWARD SHUTWAY AND
> BETTY SHUTWAY, A LIFE ESTATE IN PARCEL NO. 05-00376, BEING
> ITEM NO. 6 UNDER TRACT ONE.

{¶41} Grantors included no remainder language in this grant. If we interpret this language in the way Heirs request, it means that after Grantors died, their life estate in that one parcel of land terminated, yet nevertheless reverted back to them although they were deceased.

{¶42} Accordingly, we affirm the trial court's granting of Appellees' motion for judgment on the pleadings because the Deed's language granting the Shutways "a joint life estate, remainder to the survivor of them," clearly and unambiguously conveyed a fee simple to the survivor of them.

{¶43} Finally, we find the trial court did not contravene Civ.R. 12(C) by improperly considering evidentiary materials that Appellees attached to their complaint. Heirs assert that because a motion for judgment on the pleadings is confined to the pleadings themselves, the trial court erred by considering an attorney affidavit attached to Appellees' counterclaim and other evidentiary materials in granting the Civ.R. 12(C) motion.

{¶44} In *Jackson v. Rohrbaugh*, 2015-Ohio-2112, ¶ 17 (7th Dist.), this Court explained:

> Civ.R. 12(C) permits the court to consider both the complaint and the
> answer. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565,

Case No. 26 BE 0001

569, 1996-Ohio-459, 664 N.E.2d 931. Moreover, the trial court may consider the complaint, answer, *and any documents attached to those pleadings* when it rules on a Civ.R. 12(C) motion. *Toman v. Humility of Mary Health Partners*, 7th Dist. No. 13MA105, 2014-Ohio-4417, ¶ 9; *White v. King*, 5th Dist. No. 14 CAE 02 0010, 2014-Ohio-3896, ¶ 16; *Schmitt v. Educ. Serv. Ctr. of Cuyahoga Cty.*, 8th Dist. No. 97605, 2012-Ohio-2208, ¶ 10, 970 N.E.2d 1187. (italics in original).

{¶45} In *State ex rel. McCarley v. Dept. of Rehab. and Corr.*, 2024-Ohio-2747, ¶ 13, the Ohio Supreme Court agreed that a trial court considering a motion for judgment on the pleadings may review written instruments attached to the pleadings as such instruments qualify as part of the pleadings under Civ.R. 10(C). The Court held, however, that not every document attached to a pleading qualifies as a written instrument under Civ.R. 10(C), and it referred to caselaw finding that "the term 'written instrument' has primarily been interpreted to include documents that evidence the parties' rights and obligations." *Id.*, quoting *State ex rel. Leneghan v. Husted*, 2018-Ohio-3361, ¶ 17. Nevertheless, the *McCarley* Court noted that when a plaintiff attaches exhibits as part of their complaint to establish their claim, the plaintiff invites the court to consider them. *McCarley* at ¶ 13. (citations omitted).

{¶46} Here, the trial court's journal entry indicated that it reviewed the pleadings and the arguments set forth by the parties in determining the motions for judgment on the pleadings. "The rule is well established in this state that a court of record speaks only through its journal and not by oral pronouncement or a mere minute or memorandum." *Schenley v. Kauth*, 160 Ohio St. 109, 111 (1953), citing *State ex rel. Industrial Commission v. Day, Judge*, 136 Ohio St. 477 (1940). The only exhibits or attachments the trial court referenced in its judgment entry were those attached by Heirs to their complaint. Thus, while Heirs complain about statements made by Appellees' attorney at the hearing for the court to consider an attorney affidavit and letter correspondence attached to Appellees' counterclaim, there is no indication that the court did so.

{¶47} In addition, even if the trial court reviewed other exhibits and attachments to pleadings, it was permitted to do so. *See Stewart v. Pugh*, 2022-Ohio-2080 (7th Dist.) (court may review exhibits attached to pleadings, including a collective bargaining

Case No. 26 BE 0001

agreement and a memorandum sent to appellant from employer, in considering motion for judgment on the pleadings); *Jackson*, 2015-Ohio-2112 (7th Dist.), (in ruling on motion for judgment on the pleading, trial court was permitted to consider appellees' exhibits attached to his answer, which were a hearing transcript and certified copies of agreed judgment entry and dissolution decree). The attachments to Appellees' counterclaims included the Deed in this case, the mortgage that accompanied the Deed, the leases between the Shutways and Gulfport, letter from the attorney who prepared the Deed, mortgage and promissory note, and other leases prepared by the Grantors in this case.

**{¶48}** For the above reasons, we find that the trial court properly granted Appellees' motion for judgment on the pleadings. The Deed clearly and unambiguously conveyed a life estate to the Shutways, a life estate to the Grantors as to one parcel, and a fee simple conveyance to the survivor of the Shutways.

Waite, P.J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**